## White Star Coal Company v. Pursifull.

(Decided October 15, 1920.)

### Appeal from Bell Circuit Court.

1. Corporations—Conversion—Waiver.—A corporation denied A's ownership of certain shares of capital stock therein and refused to issue or deliver same to him. A sued for the stock and recovered a judgment for same. Held, that the denial of ownership and refusal to deliver the stock amounted to a conversion upon which A could have sued, but which he waived by his election to sue for the stock.

2. Corporations—Action for Conversion.—A judgment for the stock was a bar to a subsequent independent action for conversion in

the absence of any act of conversion not present in and concluded by that judgment.

3.  Corporations—Failure to Pay Dividends—Conversion.—Neither the failure to pay dividends to A, which accrued during the pendency of his action for the stock, nor defendant's superseding the first judgment pending appeal therefrom, amounted to a subsequent independent conversion.

JAMES M. GILBERT for appellant.

N. R. PATTERSON for appellee. .

OPINION OF THE COURT BY JUDGE CLARKE—Reversing.

In December, 1915, the defendant, White Star Coal Company, and plaintiff, Pursifull, entered into a contract by which the plaintiff agreed to construct for defendant tramroads, inclines, miners' houses, tipples, etc., for which he was to be compensated, at stipulated rates, in capital stock of the defendant corporation.

After the completion of the work, a controversy arose between the parties as to the amount of such stock plaintiff was entitled under the contract for his services; whereupon he instituted an action for the amount of stock which he claimed and defendant denied was due him. Upon a trial of that action, plaintiff recovered judgment in the circuit court requiring defendant to issue and deliver to him capital stock of the defendant corporation of the par value of $1,235.65; and defendant upon a counterclaim recovered of plaintiff a judgment for $190.00 and interest. Upon appeal to this court that judgment was affirmed except that it was held that plaintiff must pay the $190.00 before receiving his stock, in an opinion rendered January 30, 1920, and reported in 186 Ky. 697, to which reference is made for a more detailed statement of the facts. Although that action for specific performance was prosecuted by plaintiff to final judgment, no effort was made by him to enforce the judgment. On the contrary, he abandoned it as soon as it was affirmed and on April 15, 1920, instituted this new action against the defendant to recover the market value of the capital stock in defendant corporation adjudged to him in the other action, alleging its conversion by the defendant. Defendant pleaded the former action and judgment therein as a bar, denied the conversion and offered to deliver to plaintiff its capital stock of the par value of $1,235.65 upon his payment to it of the one hundred and ninety dollars judgment recovered of him in the former action.

Upon a trial of the present action, plaintiff recovered of defendant a judgment for $3,706.95, the market value as of June 1, 1917, of the $1,235.65 of stock at par, adjudged to have been converted by the defendant; but subject to a credit of $190.00 with interest, the amount of defendant's judgment against plaintiff in the former action. From so much of the judgment the defendant appeals.

Plaintiff also alleged in his petition in this action that in April and May, 1917, two dividends of 10% each were declared by defendant upon its capital stock; that the amount thereof due him on his stock was $247.10 with interest from June 1, 1917, for which he also asked judgment. His claim for these dividends was denied, although defendant admitted they were due him when he paid the $190.00 with interest and accepted the stock as adjudged in the former action. From so much of the judgment plaintiff has prosecuted a cross-appeal.

There is no proof, whatever, in this action of any conversion since the affirmance by this court of the first judgment. On the contrary, defendant has tendered the stock to plaintiff on the terms prescribed by this court, and he has refused to accept same, insisting instead upon the market value thereof. Plaintiff had the right when defendant denied that he was entitled to the stock under the contract and refused to issue same to him, to treat that denial and refusal as a conversion and to sue for its value or to insist upon his right to the stock itself and to sue for same. But having elected to sue for the stock, he cannot, after that action has been decided in his favor, repudiate the election then made by him and start all over again upon a wholly inconsistent interpretation of the same facts. See 9 R. C. L. 967, 20 C. J. 28. Obviously, therefore, the trial court erred in denying defendant's plea in bar and in awarding plaintiff a judgment for the value of the stock, unless as claimed by plaintiff and as seems to have been held by the lower court, the failure to pay dividends to plaintiff during the pendency of the first action was an independent act of conversion not included in the first action. These dividends accrued after that action was filed and when defendant was denying, as it did throughout that litigation, plaintiff's ownership of the stock upon which they were due. What defendant did to sustain its position in that action is necessarily a part thereof and concluded by the judgment therein. It could not during the pendency of that action pay dividends to plaintiff without acknowledging his right to the

stock, and that it had no defense thereto. Hence the failure to pay plaintiff dividends during the pendency of that action was but a part of the original denial and contest of his right to the stock and not a separate or subsequent conversion of which he may avail himself to avoid the judgment subsequently rendered in his favor upon his election to sue for the stock and not a conversion.

So also and for the same reason, defendant's superseding the first judgment, pending appeal therefrom, was a part of its defense of that action for specific performance; and not therefore as counsel now argues an independent and subsequent conversion.

Since plaintiff elected to sue for the stock and is bound by the judgment awarding him that relief, in the absence of a subsequent conversion, he was of course entitled to the dividends that have been declared thereon and the court erred in denying him judgment for same.

Plaintiff also complains that defendant since the affirmance of the former judgment has only offered to deliver the stock upon condition that he pay the $190.00 as ordered in that judgment; and has not offered to pay the dividends due him which exceed the $190.00 he owes defendant, or to deliver the stock with dividends less the $190.00. Even if the offer was defective as a tender, because of the dividends due plaintiff, which fact did not appear in the former action, it is nevertheless true that defendant has not refused to deliver the stock and excess of dividends over the $190.00 nor has plaintiff made any such demand upon it. He has refused to take the stock and demanded only payment of its market value; which as conclusively appears from this record is the only reason he has not long since received his stock and dividends less the $190.00.

Defendant in its answer not only offered to deliver the stock to plaintiff upon payment of the $190.00 but also acknowledged its liability for the dividends whenever he would accept the stock and pay the $190.00, which is in substance if not in form an offer to do all plaintiff had the right to demand, and was certainly not a conversion.

Wherefore the judgment is reversed upon both the direct and the cross-appeal, with directions to enter a judgment in conformity herewith.